```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAY BRODSKY,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      17-CV-5529(JS)(AYS)

J.P. MORGAN CHASE & COMPANY,
BROADSPIRE, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jay Brodsky, pro se
                   240 East Shore Road, Apt. 444
                   Great Neck, New York 11023

For Defendants:    Lindsay J. Kalick, Esq.
                   Craig T. Ellman, Esq.
                   Wilson, Elser Moskowitz, Edelman & Dicker LLP
                   1133 Westchester Avenue
                   West Harrison, New York 10604
```

SEYBERT, District Judge:

By Order dated November 28, 2017, the Court granted the application of pro se plaintiff Jay Brodsky ("Plaintiff") to proceed in forma pauperis. (See Nov. 28, 2017 Order, Docket Entry 11.) However, since that time, Plaintiff, and in some cases along with his wife, Donna Martin ("Martin"), has filed several new Complaints, each with an application to proceed in forma pauperis. (See Docket Nos. 18-CV-1998, 18-CV-2006, 18-CV-2788, and 18-CV-3304).

For the reasons that follow, the Court REVOKES ITS GRANT OF IN FORMA PAUPERIS STATUS IN THIS CASE AND ORDERS PLAINTIFF TO,

WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS ORDER, COMPLETE AND FILE THE AO 239 IN FORMA PAUPERIS APPLICATION FORM TOGETHER WITH A COPY OF THE "OFFICIAL BMW FINANCIAL SERVICES CREDIT APPLICATION" MARTIN PROVIDED TO BMW AS IS ALLEGED IN THE COMPLAINT FILED UNDER DOCKET NO. 18-CV-3304.[1] (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 12-14.) Alternatively, Plaintiff may remit the $400.00 filing fee for this case.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks omitted). Although the in forma pauperis application filed on September 20, 2017 in this case appears to meet this standard, Plaintiff's declarations in his subsequent in forma pauperis applications cause the Court concern.

For example, the information set forth in the

---

[1] Plaintiffs allege that "Martin had been approved for financing in order to purchase a vehicle of her choosing . . ." after submitting an "official BMW Financial Services credit application." (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 13-14.)

application filed by Brodsky on September 20, 2017 is inconsistent with the May 7, 2018 application file in 18-CV-2788, which is inconsistent with the information contained in the April 2, 2018 and June 1, 2018 applications as well as with the information contained in the applications Brodsky filed with the Court on his cases now consolidated under docket number 17-CV-6031. (See 17-CV-6031 at Docket Entry 2 as well as the applications to proceed in forma pauperis in each member case.)

Thus, the Court is troubled by the earlier finding and, at this juncture, is unable to conclude, based on the present application, that Plaintiff is qualified to proceed in forma pauperis in this case. Under the circumstances, Plaintiff can best set forth his current financial position on the long form in forma pauperis application (AO 239). See Welch v. Charlan, 2008 WL 5382353, at *1 (N.D.N.Y. Dec. 16, 2008) ("[A] federal district court has the authority to rescind or revoke the in forma pauperis status that it has previously bestowed upon a plaintiff, if the court discovers that the status had been improvidently granted."); see also, e.g., 28 U.S.C. § 1915(e)(2)(A)(providing that the court "shall dismiss" an in forma pauperis case "at any time" if it determines that "the allegation of poverty is untrue").

Accordingly, the Court REVOKES ITS GRANT OF IN FORMA PAUPERIS STATUS IN THIS CASE AND ORDERS PLAINTIFF TO, WITHIN THIRTY

(30) DAYS FROM THE DATE AT THE BOTTOM OF THIS ORDER, COMPLETE AND FILE THE AO 239 IN FORMA PAUPERIS APPLICATION FORM TOGETHER WITH A COPY OF THE "OFFICIAL BMW FINANCIAL SERVICES CREDIT APPLICATION" MARTIN PROVIDED TO BMW AS IS ALLEGED IN THE COMPLAINT FILED UNDER DOCKET NO. 18-cv-3304.[2] (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 12-14.) Alternatively, Plaintiff may remit the $400.00 filing fee for this case.

Plaintiff is cautioned that a failure to timely comply with this Order will lead to the dismissal of the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and judgment will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

---

[2] Plaintiffs alleged that "Martin had been approved for financing in order to purchase a vehicle of her choosing . . ." after submitting an "official BMW Financial Services credit application." (See 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 13-14.) In accordance with the E-Government Act of 2002, any social security numbers and/or any financial account numbers which may appear on the credit application should be redacted prior to filing.

4

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  10 , 2019
       Central Islip, New York